# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALAN KOSAKOFF, by its personal representative Harold Kosakoff; ARLENE KOSAKOFF, an individual; HAROLD KOSAKOFF, an individual,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; WILLIAM LANDSDOWNE; OFFICE GOTTFRIED; OFFICER LENAHAN; OFFICER DOUGLAS; DOES 1-100 inclusive,<br><br>    Defendants. | CASE NO. 08cv1819 - IEG - NLS<br><br>ORDER DENYING MOTION TO DISMISS COUNTERCLAIM<br><br>[Doc. No. 20] |

In this 42 U.S.C. § 1983 wrongful death action, Defendants submit three counterclaims against plaintiff Arlene Kosakoff: (1) indemnity; (2) negligence; and (3) negligent entrustment. Plaintiffs move to dismiss these counterclaims under Fed. R. Civ. P. 12(b)(6). Defendants filed an opposition and Plaintiffs replied. For the following reasons, the Court DENIES Plaintiffs' motion.

## BACKGROUND

Because this is a motion to dismiss, the Court draws the following facts from the Counterclaim. At the time of his demise, Alan Kosakoff ("Decedent") was the thirty-five year old son of Arlene and Harold Kosakoff. As a diagnosed paranoid schizophrenic, Decedent took medication to control his disease. However, starting one-year prior to the incident, Decedent began refusing his medication,

1  which caused him to behave irrationally and aggressively. Arlene knew of his condition, his refusal
2  to medicate, and his recent erratic behavior.

3  On the night of the incident, Decedent was driving Arlene's Toyota Corolla with her consent.
4  Decedent drove the Toyota at dangerous speeds and ran red lights, prompting a vehicle pursuit by San
5  Diego Police Department officers. Eventually, Decedent drove into Arlene's garage at 14122 Half
6  Moon Bay Drive. As officers attempted to remove Decedent from the vehicle, Decedent attempted
7  to drive the Toyota in reverse. Officers shot Decedent, causing his death.

8  Plaintiff filed a complaint alleging eight causes of action: (1) right of association under 42
9  U.S.C. § 1983; (2) wrongful death under section 1983; (3) excessive force under section 1983; (4)
10  failure to properly screen, hire, train, supervise, and discipline under section 1983; (5) wrongful death
11  under California Code of Civil Procedure § 377.60, et seq.; (6) battery; (7) intentional infliction of
12  emotional distress; and (8) negligence. Defendants answered and filed a three-count Counterclaim
13  against Arlene Kosakoff for negligence, negligent entrustment, and indemnity. Plaintiffs currently
14  move to dismiss the counterclaims under Rule 12(b)(6). The Court finds this matter amenable to
15  disposition without oral argument pursuant to Local Rule 7.1(d).

16  **LEGAL STANDARD**

17  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the
18  claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a
19  complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a
20  claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007). The
21  court's review is limited to the contents of the complaint and it must accept all factual allegations pled
22  in the complaint as true, drawing all reasonable inferences from them in favor of the nonmoving party.
23  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). Notwithstanding this
24  deference, it is improper for a court to assume "the [plaintiff] can prove facts which [he or she] has
25  not alleged." Associated General Contractors of California, Inc. v. California State Council of
26  Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court need not credit conclusory legal
27  allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable
28  inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**DISCUSSION**

i.     Parties' Arguments

Plaintiffs believe Defendants failed to present a prima facie case of negligence: they assert Ms. Kosakoff had no duty to Defendants and Defendants suffered no harm.

Defendants assert their Counterclaim is a claim for indemnity under California's comparative-negligence scheme. As such, Defendants argue they properly allege Arlene negligently allowed Decedent to drive her Corolla, causing injury to Decedent and his estate.

ii.    Analysis

California employs the doctrine of partial indemnity based on comparative fault principles. American Motorcycle Assn. v. Superior Court, 20 C.3d 578, 598 (1978) ("[A] concurrent tortfeasor [may] obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis."). Under this doctrine, "joint tortfeasors should share the burden of discharging the legal obligation to the injured party for the damages caused by their mutual negligence." Team Enterprises, LLP v. Western Inv. Real Estate Trust, 2009 WL 1451635, at *6 (E.D. Cal. May 20, 2009).

When making a partial indemnity claim, the proponent must show the proposed indemnitor contributed to the injury suffered by the plaintiff. BFGC Architects Planners, Inc. v. Forcum/Mackey Construction Inc., 119 Cal. App. 4th 848 (2004). "[T]here must be some basis for tort liability against the proposed indemnitor, usually involving breach of a duty owed to the underlying plaintiff." Team Enterprises, LLP, 2009 WL 1451635, at * 6 (citing Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group, 143 Cal.App. 4th 1036 (2006)). Defendants commonly assert equitable indemnity claims in cross-complaints. See, e.g., American Motorcycle Assn., 20 C.3d at 578.

Here, Defendants represent the negligence and negligent entrustment counter claims are merely underlying bases for their indemnity claim. Defendants assert Arlene Kosakoff's purported negligence contributed to Decedent's death. Arlene allegedly allowed an unmedicated, paranoid schizophrenic to drive her Toyota Corolla, breaching her duty to Decedent. This breach caused harm to Decedent, therefore, Defendants argue Arlene should be partially liable should Plaintiffs recover damages.

Plaintiffs confuse the issue by treating the counterclaims as a standard negligence claim.

1  When counterclaiming for indemnity, Defendants must show Arlene's actions caused injury to the
2  underlying plaintiff, thereby justifying indemnification.  In the indemnity context, Defendants need
3  not plead duty or injury to themselves – the allegations concerning the duty and injury to Decedent
4  are sufficient.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs motion to dismiss.

**IT IS SO ORDERED.**

**DATED:  June 3, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**