1 | JAN I. GOLDSMITH, City Attorney
DONALD R. WORLEY, Assistant City Attorney
2 | DONALD F. SHANAHAN, Chief Deputy City Attorney
California State Bar No. 49777
3 |     Office of the City Attorney
      1200 Third Avenue, Suite 1100
4 |     San Diego, California 92101-4100
      Telephone:  (619) 533-5800
5 |     Facsimile:   (619) 533-5856

6 | Attorneys for Defendants
City of San Diego, San Diego Police Department,
7 | William Lansdowne, Michael Gottfried,
Brian Lenahan, Benjamin Douglas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALAN KOSAKOFF, by its personal representative HAROLD KOSAKOFF, ARLENE KOSAKOFF, an individual, HAROLD KOSAKOFF, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANDSDOWNE, an individual, Officer Gottfried, an individual, Officer Lenahan, an individual, Officer Douglas, an individual, and DOES 1-100 inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS COMPLAINT | Case No.  08cv1819 IEG (NLS)<br><br>**DEFENDANTS, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, MICHAEL GOTTFRIED, BRIAN LENAHAN, AND BENJAMIN DOUGLAS' OBJECTION TO PLAINTIFF'S EXHIBITS**<br><br>Date:   April 26, 2010<br>Time:   10:30 a.m.<br>Judge:  Irma E. Gonzalez<br>Court Room:  1 |

Defendants, CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, MICHAEL GOTTFRIED, BRIAN LENAHAN, and BENJAMIN DOUGLAS' hereby file their Objections to Plaintiff's Exhibits.

/ / /

/ / /

/ / /

/ / /

1

# I

# DEFENDANTS OBJECTION TO PLAINTIFFS' EXHIBITS A and B

**A.    Authentication is a Condition Precedent to Admissibility of Evidence.**

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment has failed to authenticate Exhibit A - "Statement of Sean Seaman" and Exhibit B – "Statement of Gregory Mathy," pursuant to Federal Rules of Civil Procedure 56(e).

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment…unauthenticated documents cannot be considered in a motion for summary judgment" *Orr v. Bank of America,* 285 F.3d 764, *773* (9th Cir. 2002).    Due to the lack of authenticated exhibits, Plaintiffs' motion is merely a compilation of unsubstantiated claims. Similarly in the case of *Orr v. Bank of America* "Orr's exhibits… [were] inadmissible due to lack of authentication… as a consequence, she… [was unable] to raise a triable issue of material facts as to any of the counts in her complaint." *Id.* 784.

In the instant matter, Plaintiffs submit Exhibits A and B without a declaration attesting to the authenticity of the documents in violation of the mandates of Federal Rules of Civil Procedure. In addition, the apparent statements of the witnesses were taken by a third party and are therefore hearsay and inadmissible on this ground as well.

Federal Rules of Civil Procedure 56(e) requires that affidavits submitted in support of a motion for summary judgment must: (1) be made on personal knowledge of an affiant who is competent to testify to the matters stated therein; (2) must state facts that would be admissible in evidence; and (3) if the affidavit refers to any document or item a sworn or certified copy of that document or item must be attached to the affidavit. *Boyd v. City of Oakland*. 458 F.Supp.2d 1015, 1023 (N.D. Cal. 2006).

In *Orr v. Bank of America,* 285 F.3d 764, 773-774 (9th Cir. 2002), the court found that "[i]n a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'" *Orr v. Bank of*

/ //

1  America, 285 F.3d 764, 773-774 (9th Cir. 2002); Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412

2  (9th Cir. 1995).

3      The court in *Orr* further stated:

4          'A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so.' 31

5          Wright & Gold, *Federal Practice & Procedure: Evidence § 7106, 43 (2000).*

6

7          Federal Rule of Civil Procedure 56(e) requires that affidavits be made on personal knowledge, that the affiant be competent to testify to the matters stated therein, and that sworn or certified

8          copies of all papers referred to in an affidavit be attached thereto. *See Fed.R.Civ.P.56(e).*

9

10  *Orr v. Bank of America,* 285 F.3d 764, 774 nn.8-9 (9th Cir. 2002).

11  **B.  Inadmissible Hearsay.**

12      Even assuming arguendo, Exhibits A and B attached to Plaintiffs' Opposition to

13  Defendants' motion are accepted as authentic, their content nonetheless is inadmissible hearsay.

14  The documents represent reports and statements contained therein made by third parties. As such

15  the statements are hearsay and inadmissible.

16      *Orr* states that:

17          Hearsay is "a statement, other than one made by the declarant testifying at the trial or hearing, offered in evidence to prove the

18          truth of the matter asserted." Fed. R. Evid. 801(c). In the absence of a procedural rule or statute, hearsay is inadmissible unless it is

19          defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804, or 807. *See*

20          Fed. R. Evid. 802; 30B Federal Practice & Procedure: Evidence § 7031 at 279.

21  *Id*. at 778.

22      The use of the interview statements is an attempt by Plaintiffs to establish that the officers

23  used excessive force in their attempt to arrest the decedent. The only purpose for the use of these

24  statements is to prove the truth of the matter asserted and, as such, are inadmissible hearsay. It is

25  hearsay because the relevance of the statement depends on an inference that could be drawn only

26  from the truth of the matter asserted. *Mahone v. Leman*, 347 F.3d 1170, 1173 (9th Cir. 2003).

27      Here, Plaintiffs attempt to introduce what apparently is a tape recording by Plaintiffs'

28  investigator of two alleged witnesses. Neither of whom authenticates the accuracy of the

1  transcription, nor does the investigator. In essence, the investigator, a third party, is reporting the

2  statement given by two witnesses.

3  In *U.S. v. Pazsint*, 703 F.2d 420 (9th Cir. 1983), the court rejected an attempt to introduce

4  tape recorded emergency calls to the police department describing the defendant's actions, even

5  though the officers who received the call testified that such calls were routinely recorded. In

6  finding that the recordings were hearsay, the court noted that the business records exemption

7  applies:

> . . . only if the person furnishing the information to be recorded is 'acting routinely, under a duty of accuracy, with employer reliance on the result, or in short in the regular course of business.' *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981), *cert denied*, 456 U.S. 927 (1982); Advisory Committee Note to Fed. R. Evid. 803(6). It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not. *United States v. Sims*, 617 F.2d 1371, 1377 (9th Cir. 1980); *United States v. Smith*, 521 F.2d 957, 964 (D.C.Cir.1975); Colvin v. United States, 479 F.2d 998, 1003 (9th Cir. 1973).
>
> Here, the police officer who made the recordings was acting in the regular course of business, but he had no knowledge of truthfulness of the information being recorded, while the witnesses who gave the information which was recorded had personal knowledge but were under no business duty to report. The latter's tape-recorded statements can not be given the presumption of regularity accorded a business record.

*U.S. v. Pazsint*, 703 F.2d at 424; see also *Bemis v. Edwards*, 45 F.3d 1369, 1371-71 (9th Cir. 2005).

Here, the statement was not given in the ordinary course of business, nor was there any duty to give a statement and, as such, cannot be given the presumption of reliability and regularity accorded a business record.

## II

## **INADMISSIBILE STATEMENTS OF SEAMAN AND MATHY ARE UNRELIABLE**

Although inadmissible, the statements of Seaman and Mathy are, in any event, unreliable and irrelevant. Both statements assert that the shots were fired as the vehicle was at the end of the driveway entering the street. This is in direct conflict with Plaintiffs' own expert who placed the

1  fatal shot occurring when the driver was a foot inside the garage to several feet outside the
2  garage. (*See Exhibit F, Firestone Depo, p. 146, ll. 8-15*). The physical evidence makes it virtually
3  impossible to credit these witnesses' testimony. A police marker placed approximately eight feet
4  east of the garage marked where a major pile of glass lay, but as pointed out by Plaintiff's expert,
5  police department pictures show glass at least two feet west of the marker. Thus, if glass fell at .5
6  feet per second and the car was traveling 8.8 feet per second, the shot was within two feet of the
7  garage door. (*See Exhibit F, Firestone Depo, p. 141, ll. 3-14*). The transmission fluid began to
8  leak mid way thorough the driveway. (*Plaintiff's Exhibit G, Loznycky Depo, p. 76-77, ll. 23-25,
9  1-2*). But there is no way to determine how long after the shot the fluid actually leaked to the
10 driveway. (*See Exhibit F, Firestone Depo, p. 106, ll. 20-24*). A piece of license plate holder was
11 found near nine feet from the garage door. But again, there is no way to determine how long the
12 place dangled before it fell to the driveway pavement. (*See Exhibit F, Firestone Depo, p. 104, ll.
13 14-22*).
14         Accordingly, it is impossible for the testimony of Seaman and Mathy to reflect what
15 actually happened. "When opposing parties tell two different stories, one of which is blatantly
16 contradicted by the record, so that no reasonable jury could believe it, a court should not adopt
17 that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v.
18 Harris,* 550 U.S. 372, 380 (2007).
19         Finally, their testimony is irrelevant in that only shots and entering decedent's right leg
20 and hitting decedent's head inflicted injury, the remaining shots caused no personal injury. There
21 is no dispute, neither of these shots were fired anywhere near the end of the driveway.

### III

### ROGER CLARK'S TESTIMONY IS IRRELEVANT
### TO USE BEFORE THIS COURT

25     Roger Clark ("Clark") opined in his deposition that the Defendants (1) violated their
26 training by shooting at a moving vehicle; (2) failed to use safe tactics, i.e. remain in position of
27 / / /
28 / / /

cover; (3) failed tactic to permit decompression; and (4) rushed a mentally disabled person[1] and the use of force was in violation of professional standards.

Expert testimony which disputed the tactics of the police officer cannot raise an issue of fact regarding the reasonableness of an officer's use of force. *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996)(expert stated reckless tactics, should have called for back-up, talked in calm tones, and refrained from approaching suspect); *Ramirez v. County of San Diego*, 2009 WL 1010898 (S.D.CA)(expert testimony on tactics fails to create a genuine issue of fact). Even violating their own police policies does not create a constitutional violation. *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992)(court rejected notion that violation of police policy of firing at moving vehicle); *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993)(shooting moving vehicle violation of policy – police department guidelines does not create a constitutional right); *Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994)(failure to follow department guidelines in developing tactical plan rather than attempt to seize barricaded individual – court held officers need not avail themselves to least intrusive means of responding to exigent situation).

The fact that an expert disagrees with an officer's actions does not render the officer's actions unreasonable. *Reynolds v. County of San Diego*, 84 F.2d at 1170; *see also Ramirez v. County of San Diego, supra; Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994).

Dated:  April 12, 2010             JAN I. GOLDSMITH, City Attorney


                                   By    */s/ Donald F. Shanahan*
                                         Donald F. Shanahan
                                         Chief Deputy City Attorney

                                   Attorneys for Defendants
                                   City of San Diego, San Diego Police
                                   Department, William Lansdowne, Michael
                                   Gottfried, Brian Lenahan, Benjamin Douglas

---

[1] No evidence has been produced, including that from Plaintiffs' experts, that the Defendant officers knew or should have known that Mr. Kosakoff was mentally disturbed.